Judge Lane
delivered the opinion of the court:
The plaintiff in error, having pleaded to the action, made an *36 issue and taken a trial on the merits, it is suggested that his objection to the docketing the appeal comes too late. The course of decisions which we have found seems to have established the practice that where the ground of objection appears in the record, and the party has resisted the jurisdiction, as far as he was permitted, his submitting to proceed and try the cause on its merits, does not preclude him from taking the exception in the revising tribunal.
The next question presented is, is it competent for the court of common pleas to place an appeal from the judgment of a justice upon the docket at any other term than that to which the appeal was taken ? The court answer this question in the negative. Perhaps cases may occur in which the common pleas ought to allow such appeals to be docketed on a day subsequent to the second day of the term to which they were taken. This would be where, by accident or mistake, and without the neglect of the appellant, or by the contrivance of the appellee, the appeal was not docketed on the second day. For some purposes the term is considered an entire day, and the journal of every day, so long as the term continues, is open to the correction of the court. After the close of the term, it is holden that the court can enter no order nunc pro tunc, unless one was actually made, and omitted to be entered. 1 Ohio, 375 ; 3 Id. 486, 575.
The authority to set aside an irregular judgment, at a subsequent term, does not imply a power to enter a judgment where none existed before. 3 Ohio, 16. Where no appeal is entered at the term next succeeding the day the - appeal was taken, the parties are beyond the jurisdiction of the appellate court, and can not be recalled, as the law now stands. The remedy, if a case is made for one, must be sought in chancery. 4 Ohio, 190.
Judgment reversed.